UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES N.[1],

        Plaintiff,

v.                                  21-CV-107 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## DECISION AND ORDER

Plaintiff John D. brought this action under 42 U.S.C. § 405(g) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 7. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 8, 9. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## **PROCEDURAL HISTORY**

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB") filed on November 17, 2018.[2] Tr. 168-74.[3] Plaintiff's application was denied initially and on reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 57-81, 97-108, 164-67. Following the hearing, in which Plaintiff was represented by counsel, ALJ Vincent M. Cascio issued a decision finding that Plaintiff was not disabled. Tr. 17-33. Plaintiff's request for Appeals Council Review was denied, after which he commenced this action. Tr. 1-6; Dkt. 1.

## **LEGAL STANDARDS**

### I. <u>District Court Review</u>

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for DIB, which requires a showing that he became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022).

[3] The filing at Dkt. 5 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 5 are hereby denoted "Tr. ___."

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.    Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. § 404.1572. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b).

3

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1).

4

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

The ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2023 and that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, April 9, 2018. Tr. 22. The ALJ also found that Plaintiff suffered from the following severe impairments: pancreatitis with chronic pain, obstructive sleep apnea, and gastroparesis. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 24.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), with the following limitations: "[Plaintiff] can never climb ladders, ropes[,] or scaffolds, and no exposure to unprotected heights or hazardous machinery." *Id.*

5

The ALJ found that Plaintiff was capable of performing past relevant work as an occupational therapist. Tr. 28. As such, according to the ALJ, Plaintiff had not been under a disability between his alleged onset disability date, April 9, 2018, through the date of the ALJ's decision, February 7, 2020. Tr. 29.

## II.   Plaintiff's Argument

Plaintiff makes two arguments for judgment in his favor. *See* Dkt. 7-1. First, he argues that the ALJ failed to account for all of the limitations found in the "persuasive" opinion of consultative examiner Stephen Farmer, Psy.D. *Id.* at 10-14. Second, Plaintiff claims that the ALJ improperly rejected his subjective complaints of severe abdominal pain. *Id.* at 14-20. As set forth below, Plaintiff's arguments are without merit.

## III.   Analysis

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Nora A. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 85, 93 (W.D.N.Y. 2021). The ultimate RFC determination does not need to correspond "with any of the opinions of medical sources cited in [the ALJ's] decision." *Matta*, 508 F. App'x at 56. The ALJ is not a medical professional, however, and is therefore "not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 590 (W.D.N.Y. 2018).

6

### A. The ALJ's RFC determination was supported by substantial evidence.

Dr. Farmer examined Plaintiff on March 20, 2019. *See* Tr. 439-442. He opined, among other things, that Plaintiff was mildly limited in the following abilities: (1) using reason and judgment to make work-related decisions; (2) interacting adequately with supervisors, co-workers, and the public; and (3) regulating emotions, controlling behavior, and maintaining well-being. Tr. 441. Dr. Farmer noted that these difficulties were caused by Plaintiff's depression and anxiety, but also noted that they did "not appear to be significant enough to interfere with [Plaintiff's] ability to function on a daily basis." *Id.*

The ALJ found Dr. Farmer's opinion persuasive, as it was "supported by, and consistent with, Dr. Farmer's thorough mental status examination." Tr. 27; *see Angela H.-M. v. Comm'r of Soc. Sec.*, — F. Supp. 3d —, No. 6:20-CV-06676 EAW, 2022 WL 4486320, at *4 (W.D.N.Y. Sept. 27, 2022) (noting that 20 C.F.R. § 404.1520c mandates that ALJ always discuss the "supportability" and "consistency" factors when evaluating a medical opinion). The ALJ also noted that Dr. Farmer's opinion was consistent with "the rather benign mental health treating records." *Id.* (citing Tr. 362-66, 404-14, 449-53, 497-93).

Plaintiff claims that the ALJ's RFC determination did not adequately account for Dr. Farmer's finding of mild limitations. *See* Dkt. 7-1, at 13-14. Remand may be appropriate where the ALJ does not include any explicit restrictions in the RFC to account for mild-to-moderate limitations in mental functioning. *See, e.g., Felix S. v. Comm'r of Soc. Sec.*, — F. Supp. 3d —, No. 6:20-CV-06703 EAW, 2022 WL 4486319,

7

at *5 (W.D.N.Y. Sept. 22, 2022) ("The problem with the ALJ's assessment as it pertains to Plaintiff's mental limitations is that it is inconsistent with other findings relative to Plaintiff's mental functioning, and it does not account for Plaintiff's mild-to-moderate limitations."). Here, however, the ALJ's RFC determination was supported by substantial evidence, even without any explicit mental restrictions, for three reasons.

### 1. The ALJ properly favored Dr. Farmer's opinion over that of LCSW Gee in constructing Plaintiff's RFC.

First, although the ALJ's RFC determination conflicted with the opinion of Scott Gee, LCSW, the ALJ properly explained why he favored Dr. Farmer's opinion over that of LCSW Gee. *See* Tr. 27-28.

LCSW Gee opined that Plaintiff was extremely limited in his activities of daily living and in his ability to maintain concentration, persistence, or pace. *See* Tr. 709. LCSW Gee also opined that Plaintiff had marked limitations in maintaining social functioning and that he would experience one or two episodes of decompensation of at least two weeks in duration within a twelve-month period. *See id.* The ALJ found LCSW Gee's opinion "not persuasive," as it was not supported by and inconsistent with "the rather benign mental health treatment records." Tr. 28 (citing *id.* at 362-66, 404-14, 449-53, 497-93). The ALJ also noted that LCSW Gee's opinion was inconsistent with Dr. Farmer's opinion, in which Plaintiff was noted to be friendly, cooperative, well-groomed with intact attention, concentration, and memory, and it was inconsistent with Plaintiff's demonstrated activities of daily living. *Id.*

8

Choosing between Dr. Farmer's and LCSW Gee's opinions was a task wholly within the province of the ALJ. *See Venio v. Barnhart*, 312 F.2d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the commissioner to resolve."); *see also Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict."). As such, the ALJ did not err by favoring Dr. Farmer's opinion in making his RFC determination. *See, e.g., Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983) (holding that the opinion of a consultative examiner may be used as substantial evidence to contradict the opinion of a treating source).

2. <u>Dr. Farmer's opinion did not require the ALJ to include mental restrictions in the RFC.</u>

Second, Dr. Farmer's finding of mild limitations did not necessarily require the ALJ to include mental restrictions in the RFC.

At step three, the ALJ performed the "special technique" and found that Plaintiff had mild limitations in his ability to interact with others and to adapt or manage himself. *See* Tr. 23; *see also Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008) (discussing the ALJ's application of the "special technique"). And the ALJ considered Dr. Farmer's opinion in his analysis of all four areas of mental functioning. *See* Tr. 23. But the ALJ concluded that Plaintiff's mental impairments were non-severe after finding only mild limitations in two out of the four functional areas. *See* Tr. 22-24. As long as the ALJ considered Plaintiff's non-severe mental limitations in making his RFC determination, a finding of mild limitations in two

9

functional areas at step three did not obligate the ALJ to include any mental restrictions in the RFC. *See Katherine R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01055-MJR, 2021 WL 5596416, at *7 (W.D.N.Y. Nov. 30, 2021) ("Where, as here, an ALJ's findings of only mild limitations in mental functioning are supported by substantial evidence in the record, the ALJ is not required to include mental limitations or restrictions in the RFC."); *Grace M. v. Comm'r of Soc. Sec.*, No. 20-CV-1023Sr, 2022 WL 912946, at *3 (W.D.N.Y. Mar. 29, 2022) (collecting cases); *but see Felix S.*, 2022 WL 4486319, at *5 ("The ALJ's failure to adequately explain why he failed to include any limitations to account for Plaintiff's mild-to-moderate limitations is error.").

Based on the Court's review of the record, the ALJ clearly considered Plaintiff's non-severe mental impairments in crafting his RFC. *See, e.g.*, Tr. 27-28 (discussing the opinions of Dr. Farmer and LCSW Gee as a part of the RFC determination); *see also Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (holding that an RFC determination "must account for limitations imposed by both severe and non[-]severe impairments."). It is also clear that the ALJ did not include any explicit mental restrictions in the RFC because Dr. Farmer opined that Plaintiff's difficulties were not "significant enough to interfere with [his] ability to function on a daily basis." *See* Tr. 441. The ALJ's decision not to include any mental restrictions in the RFC, therefore, was supported by substantial evidence. *See Monguer*, 722 F.2d at 1040 ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have presented

10

every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability."); *see also Trepanier v. Comm'r of Soc. Sec.*, 751 F. App'x 75, 78 (2d Cir. 2018) (finding an RFC determination to be supported by substantial evidence where the ALJ "largely relied on the report of a consultative examiner").

3. <u>Even if the ALJ should have included mental restrictions in his RFC to account for Dr. Farmer's findings, that error was harmless.</u>

Third, even if the ALJ should have included mental restrictions in his RFC determination to account for Dr. Farmer's finding of mild limitations, that omission was harmless.

Even moderate limitations in mental functioning are "not an impediment to the ability to perform gainful activity, particularly when an RFC has already limited a claimant to unskilled, routine work." *Mangual v. Comm'r of Soc. Sec.*, 600 F. Supp. 3d 313, 329 (S.D.N.Y. 2022) (citing *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)). At the hearing, the Vocational Expert ("VE") testified that someone with Plaintiff's limitations, who was also limited to understanding, remembering, and carrying out simple, routine, and repetitive work-related tasks, could perform the "unskilled"[4] positions of hand packer, kitchen helper, and cook helper. *See* Tr.

---

[4] All three of these positions, according to the VE, have a specific vocational preparation ("SVP") level of 2. *See* Tr. 51-52. A certain position's SVP level is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Appendix C, *Dictionary of Occupational Titles* (4th Ed., Rev. 1991), 1991 WL 688702 (Jan. 1, 2016). It would take an individual "[a]nything beyond [a] short demonstration up to and including 1 month" to be able to perform a position with a SVP level of 2. *Id.* As such, a position with a SVP level

11

51-52. As such, even if the Court were to remand this case with explicit instructions to include mental restrictions in the RFC, the ALJ would still conclude that Plaintiff was not disabled due to his ability to perform the unskilled jobs of hand packer, kitchen helper, and cook helper. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("[W]here application of the correct legal principles to the record could lead to only one conclusion, there is no need to require agency reconsideration.").

### B. The ALJ properly evaluated Plaintiff's subjective complaints of abdominal pain.

Plaintiff argues next that the ALJ improperly discounted his subjective complaints of abdominal pain. *See* Dkt. 7-1, at 14-20.

An ALJ must always consider a claimant's subjective complaints of pain during the disability determination. 20 C.F.R. § 404.1529; *see Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). The ALJ, however, may discredit a claimant's subjective complaints if they are not supported by the objective medical evidence or the claimant's activities of daily living. *See Lewis v. Colvin*, 548 F. App'x 675, 678 (2d Cir. 2013).

The ALJ must follow a two-step process in evaluating a claimant's subjective complaints of pain. *See Genier*, 606 F.3d at 49. First, the ALJ must decide whether the claimant has a medically determinable impairment that could reasonably cause the alleged pain. *See* 20 C.F.R. § 404.1529(b); *see also Genier*, 606 F.3d at 49 (citing

---

of 2 is "unskilled" work. *See* SSR 82-41, 1982 WL 31389, at *2 (Jan. 1, 1982) ("Jobs are unskilled when persons can usually learn to do them in 30 days or less.").

12

20 C.F.R. § 404.1529(a)) ("This requirement stems from the fact that subjective assertions of pain *alone* cannot ground a finding of disability) (emphasis in original). Second, if the ALJ finds such an impairment, the ALJ then "must consider 'the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence' of record." *Genier*, 606 F.3d at 49 (quoting 20 C.F.R. § 404.1529(a)) (alterations in original).

In this case, the ALJ described the two-step process by which he would evaluate Plaintiff's subjective complaints. *See* Tr. 24-25. He then provided an overview of the evidence related to Plaintiff's testimony that he was "disabled and unable to work due to persistent pain and vomiting from chronic pancreatitis." Tr. 25. The ALJ's overview discussed Plaintiff's testimony, objective medical records, and Plaintiff's treatment history—all with citations to the record. *See, e.g.*, Tr. 25 (citing *id.* at 460, 474, 479, 672) ("[Plaintiff], however, is treated with pain management and Dilaudid intermittently when he gets flares, and he reports good pain control and no side effects from medication.").

Following this overview, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that his symptoms were "not entirely consistent with the medical evidence and other evidence in the record." Tr. 26. The ALJ provided four reasons as to why Plaintiff's "allegations of debilitating [pain][] should be deemed to be not wholly persuasive nor consistent with the evidence in the record":

> *First*, [Plaintiff] has described daily activities, which are not limited to the extent one would expect, given the complaints of

13

>    disabling symptoms and limitations. . . . *Second*, although [Plaintiff] has received treatment for the allegedly disabling impairments, it has consisted of conservative treatment. *Third*, the record does not contain any non-conclusory opinions, supported by clinical or laboratory evidence, from treating or examining physicians indicating that [Plaintiff] is currently disabled. *Fourth*, [Plaintiff] betrayed no evidence of debilitating symptoms while testifying at the hearing.

Tr. 26 (emphasis in original).

Based on the ALJ's adherence to the two-step evaluation process and his thorough discussion of the relevant evidence, the ALJ did not improperly discount Plaintiff's subjective complaints of abdominal pain. *See Stanton v. Astrue*, 370 F. App'x 231, 234 (2d Cir. 2010) (finding that there was "no reason to second-guess the [ALJ's adverse] credibility finding . . . where the ALJ identified specific record-based reasons for his ruling."); *see also Corbiere v. Berryhill*, 760 F. App'x 54, 57-58 (2d Cir. 2019) (affirming where the ALJ "concluded that Corbiere's medical impairments could cause the symptoms she alleged, but declined to credit her testimony regarding the intensity, persistence, and limiting effects of the symptoms to the extend they were inconsistent with the medical evidence presented, including treating source evidence."). Plaintiff's second argument, therefore, also fails.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's motion for judgment on the pleadings (Dkt. 8) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 7). The Clerk of the Court will close this case.

SO ORDERED.

Dated:    February 23, 2023
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE